The Chief Justice
delivered the opinion of the court.
This was a bill filed by the appellants to recover of the appellee a slave by the name of Agatha, and her children and grand children. They assert their title under the will of William Tennison, admitted to record in the county court of Prince William, in December, 1785, by which, as they alledge, he devised one moiety of his estate in fee to his wife, and the other moiety to her for life, and the fee simple thereof in remainder to some of the appellants, and to the ancestor of the others. They alledge that Mrs. Tennison married again, and that her second husband having died, his administrator claimed the moiety of the estate devised to her in fee; and that with her consent, and the consent of the appellants, a division of the estate was made, whereby the slave Agatha and her son John, were alotted to them. They aver that Mrs. Tennison has since departed this life: That during her life Agatha and her son John were run off to Kentucky and sold without their authority or consent: that they have always resided in Virginia, and but recently discovered where the said slaves were: that they are informed that Agatha has had divers children and grand children, which are in the possession of the appellee, who refuses to deliver them to the appellants, or to disclose the names or value thereof; and that they would, in all probability, be unable at law to identify them. They give what they alledge they have been informed are the names of the children and grand children, and call upon the appellee for a discovery thereof, and of their value, and prays that he may be decreed to deliver them the possession of said slaves, and pay over to them the value of their hire, and for general relief.
The appellee, in his answer, admits that he holds a slave by the name of Agatha, together with her children and grand children, and asserts that they were given to him many years ago by his father, who purchased them for a valuable consideration, without notice of the appellants’ claim. He relies upon the length of time he has had possession—requires proof of the appellants’ right—discloses the number and names of the children and grand children—denies that he had refused to do so, and insists that if the appel *323 lants have right, their remedy was at law, and demurs to relief in equity.
To transfer jurisdiction from a court of law to a court of equity because of a discovery sought, the discovery should rest in the knowledge of the deft. alone, & be averred in the bill.
An innocent purchaser without notice is not bound to make any discovery to his prejudice.
Where a compl’t. demands a discovery to which he has no right, the discovery, though made, does not bring with it the right to relief.
The circuit court, on a final hearing, dismissed the bill without prejudice, on the ground that their remedy was at law and not in equity; and from that decree this appeal is prosecuted.
It is evident that the right of the appellants, as they have alledged it in their bill, is not merely an equitable, but a legal one; to enforce which, if sufficiently proved, the law would afford an adequate remedy. The only ground, therefore, which they had for resorting to a court of equity was the discovery sought for as to the number and names of the children and grand children of Agatha, and the value of them.
To translate the jurisdiction from a court of law to a court of equity upon the ground of a discovery only, it is essentially necessary that the facts of which the discovery is sought should rest in the knowledge of the defendant, and be susceptible of no other proof, and an express allegation to that effect should be contained in the bill. Tested by this principle, the bill in this case cannot, we apprehend, be sustained. It contains no allegation that either the number or names, or value of the slaves in question was confined to the knowledge of the defendant. The charge that he refused to disclose the number and names of the slaves, certainly does not imply that he alone had a knowledge of these facts; and from the nature of the facts it is highly improbable that such was the case. But if the bill had not been defective in this respect, we should still have thought that it could not be sustained. The appellee’s father is not only alledged but proven to have been a purchaser for a valuable consideration without notice of the appellants’ claim; and as the appellee holds under him, he must occupy the same favorable attitude. Considering him in that attitude, it is clear that the appellants had no right to demand of him, in a court of equity, the discovery they have sought: for it is a settled rule, that a purchaser for a vaulable consideration, without notice, cannot be compelled to make a discovery prejudicial to his right. Metford’s Plead. 162. It is true that the appellee has, in part, at least, made the discovery sought for, and objected to the relief only instead of demurring both to the discovery and the relief as he might have done. But as the appellants had no right to the discovery, they cannot, as a con *324 sequence of the discovery, have a right to relief; for it is only in a case where there is a right to a discovery that the discovery will draw with it the right to relief. A discovery does not even in every case where there is a right to discovery, draw with it the right to relief; and it would be preposterous that it should do so in a case where there is no right to a discovery.
Wickliffe and Hardin for plaintiffs, Pope for defendants.
The decree must be affirmed with costs.